# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                      Docket No. 43-4-13 Vtec

| Champlain Farms Site Plan Application |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Alter or Amend (Motion 8)
Filer:          City of South Burlington
Attorney:       Amanda Lafferty
Filed Date:     March 18, 2015

Response in Opposition filed on 04/03/2015 by Attorney Robert F. O'Neill for Appellant
Timberlake Associates, LLP

**The motion is DENIED IN PART and GRANTED IN PART.**

Timberlake Associates, LLP ("Applicant") seeks to improve and expand its existing commercial facility at 801 Williston Road in the City of South Burlington ("City"). Applicant's current commercial facility, operated under the business name "Champlain Farms," consists of a 900 square foot convenience store and gasoline station located in the Traffic Overlay Zone 1 District. Applicant seeks to expand or replace its existing convenience store facility with a 2,242 square foot facility with nearly 1,600 square feet devoted to a new commercial use: a short-order restaurant with seating for sixteen. The remainder of the new facility will be devoted to a continuation of the convenience store use. The City of South Burlington ("City") filed a motion for summary judgment regarding the increase in traffic generated by the proposed project. The City argued that the proposed building expansion and addition use will generate traffic in excess of the maximum allowed under Section 10.02 of the City of South Burlington Land Development Regulations ("Regulations").

In an Entry Regarding Motion dated January 8, 2015 we concluded that § 10.02(H)(2) allows a developer to make improvements to an existing development, even if those improvements may generate more traffic than is allowed under Regulations § 10.02(F), but only so long as the new development will not generate _more_ traffic than the existing development _actually_ generates. We concluded that the only figure relevant to an adjustment under Regulations § 10.02(H)(2) is the traffic that the existing project currently generates, but denied the motion because the relevant material facts were either not provided with sufficient clarity or were disputed.

The City now asks the Court to alter or amend that decision pursuant to Rule 59(e) of the Vermont Rules of Civil Procedure ("V.R.C.P."). Applicant opposes the motion as untimely

and incorrect in substance, but offered that it "has no reason to dispute the City's interpretation or rationale" concerning Regulations § 10.02(H)(2). (Appellant's Response to the City's Motion at 2, filed April 3, 2015). We therefore address the parties' arguments in turn.

First, as to the timing of the City's motion, Applicant is correct that a Rule 59(e) motion must be filed within 10 days of that decision, which was dated January 8, 2015. See V.R.C.P. 59(e) ("A motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."). The City's motion was filed on March 18, 2015. Needless to say, this is not within that 10 day window. However, because our denial of the City's motion for summary judgment was <u>not</u> a final judgment in this proceeding, we now give the City the benefit of the doubt and more properly consider their motion to alter or amend as one under V.R.C.P. 54(b). Rule 54(b) states, in pertinent part:

> In the absence of [final] determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

V.R.C.P. 54(b). Because the Court retains jurisdiction to consider the City's motion to alter or amend beyond the period for filing a Rule 59(e) motion, we will not deny the City's motion because it was filed more than 10 days after our January 8, 2015 decision.

In considering the substance of the City's motion, we apply the same legal standard as we do to Rule 59(e) motions. That is, "we will only grant a motion to reconsider a decision that does not conclude a case if it is necessary to correct manifest errors or if [it] must be granted to either allow a party to disclose newly discovered evidence or to take advantage of intervening changes in the controlling law." <u>In re Bennington Wal-Mart Demolition/Construction Permit</u>, No. 158-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.) (citing <u>Drumheller v. Drumheller</u>, 2009 VT 23, ¶ 29, 185 Vt. 417).

In our Entry, we considered Applicant's proposed expansion of its existing development, whereby a 900 square foot convenience store and multi-pump gasoline station facility would be replaced with a 2,242 square foot facility with nearly 1,600 square feet devoted to a continuation of the convenience store as well as a short-order restaurant with seating for sixteen; the proposed facility would also include a multi-pump gasoline station. This expansion is estimated to generate traffic that exceeds the allowable maximums established by the applicable Overlay District calculation for Zone 1. See Regulations § 10.02(F) and Table 10-1.

By its motion, the City asks the Court to revise its Entry and grant the City's motion for summary judgment or, in the alternative, clarify our conclusions. The City does not offer newly discovered evidence or intervening changes in the controlling law. Rather, they argue that our Entry is "erroneous and unworkable," which we take to mean that the City believes that reconsideration is necessary to correct manifest errors. (City's Motion to Alter or Amend, or in the Alternative, to Clarify at 1, filed Mar. 18, 2015).

Specifically, the City takes issue with our interpretation of the exceptions for limits on traffic in Regulations § 10.02(H)(2).  They argue that the Court's interpretation should not differ from the City of South Burlington Department of Planning and Zoning and the City of South Burlington Development Review Board's (collectively "DRB") interpretation, absent a clear error in the DRB's reasoning.  In our Entry, we concluded that by its plain language, the exceptions in Regulations § 10.02(H)(2) allow for improvements that generate estimated traffic equal to or less than the traffic actually generated by the existing development.  This differed from Applicant's interpretation that the exception allows for improvements that generate estimated traffic equal to or less than the estimated traffic for the existing permitted development.  The City now argues that this also differs from the DRB's interpretation that the exception allows for improvements that generate estimated traffic equal to or less than the higher of traffic estimated by the Manual at the time the existing development was approved or when the application for the proposed expansion was submitted.

Pursuant to the City's request, we have reconsidered our January 8, 2015 Entry.  For the reasons stated below, we decline to alter or amend our prior Entry, but offer the following expansion of our legal analysis in the hopes of clarifying our legal determinations in a way that will assist the parties as they prepare for trial.

First, we repeat what is our primary directive: to give effect to the plain language chosen by the City for the Regulation at issue.  That language authorizes, in certain circumstances, for redevelopment of an existing commercial facility, even when the proposed redevelopment will result in an increase in estimated traffic beyond the maximum traffic allowed pursuant to a "Traffic Budget" calculation, based upon the project site square footage.  See Regulations § 10.02(F)(1) and Table 10-1.

Some may say that estimating what traffic a proposed project may generate in the future is more of an art than a science; others may think just the opposite.  Thankfully, the Regulations provide for an efficient means for estimating future traffic by specifically directing that "[t]raffic generation estimates for the use under consideration shall be based on the latest TRIP GENERATION manual published by the Institute of Traffic Engineers (the 7[th] Edition of 2003 and subsequent editions)[hereinafter referred to as the ITE Manual"]."  Regulations § 10.02(F)(2).  The ITE Manual is an established reference source used by traffic experts and development consultants for providing a reliable estimate of what traffic a future project may generate.  We are not aware of a credible attack upon the veracity or reliability of traffic estimates that are accurately calculated based upon the ITE Manual.

The parties do not appear to disagree on the propriety of using the ITE Manual to estimate the future traffic to be generated by the proposed project.  Rather, the City's pending motion calls upon this Court to interpret a different provision of the Regulations (§ 10.02(H)(2)), which requires the calculation of an estimate for a different traffic number: "the existing peak hour trip generation . . . ."  Id.  Unfortunately, this regulation provision does not provide a direction or explanation of how the "existing peak hour trip generation" is to be determined.  We remain undeterred in our analysis, as the plain language of § 10.02(H)(2) directs that "existing peak hour trip generation" be calculated.  In addressing this directive, we anticipate

that the Court will resolve this factual query in the same manner as all factual queries: receive all relevant evidence and render a factual determination.

In its reconsideration request, the City appears to make two incorrect assertions: first, that the only means by which "existing peak hour trip generation" may be calculated is by relying on the ITE Manual tables; second, the City warns that if the Court does not revise its prior Entry Order, and all project applicants would be forced to hire traffic experts to calculate the existing traffic rates. In response, Appellant does not appear to dispute the City's interpretation and application of Regulations § 10.02(H)(2).

When charged with rendering factual determinations, this Court must receive all relevant, admissible evidence that the parties choose to present and then render the factual determination required to address the legal issues presented to us on appeal. V.R.E.C.P. 5(g). This Court is not responsible for directing the parties on what evidence to present, including reports from traffic experts or analysis based upon the ITE Manual, although such evidence may be ideal. We are merely charged with directing the parties to satisfy the applicable municipal ordinance, state statute, or rules. Because the applicable Regulation before us merely directs a determination of the "existing peak hour trip generation," we expect to allow all relevant, admissible evidence on that factual topic at trial.

The City also takes issue with our conclusion that the facts presented to support their respective arguments on the City's original summary judgment motion that "not all material facts as presented are sufficiently clear" and that summary judgment may not be awarded the City at this time. In re Champlain Farms Site Plan Application, No 43-4-13 Vtec, slip op. at 1 (Vt. Super. Ct., Jan. 8, 2015)(Durkin, J.). The City asserts several facts in its pending motion that, if true and uncontested, may result at trial in a determination that the proposed project does not conform to all applicable Regulations. But we are not yet at trial; we are merely presented with a pre-trial motion that asserts that judgment must summarily be entered for the City. We decline to do so, because several material facts are uncertain, including what actually is the "peak hour" traffic for the existing development and how does that traffic level compare to the estimated traffic for the proposed development.

When we first considered the City's summary judgment motion, we viewed all material facts presented in a light most favorable to Appellant, as the non-moving party, ignored all contravening facts presented by the City. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). At trial, we intend to receive all evidence presented by the parties that is admissible and relevant to the pending legal issue, assess credibility of that evidence, and then render our factual findings and legal conclusions. The parties should prepare to present all such evidence at trial, which is scheduled to begin on **Tuesday, November 17, 2015**.

For all these reasons, after having reconsidered our January 8, 2015 Entry Order, we **DENY** the City of Burlington's motion to alter or amend that Order, but we **GRANT** the City's motion to clarify our order and hope that the discussion here has provided sufficient clarification.

Electronically signed on May 20, 2015 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Robert F. O'Neill (ERN 2991), Attorney for Appellant Timberlake Associates, LLP
Gerald R. Tarrant (ERN 4743), Attorney for Interested Person R.L. Vallee, Inc.dba Maplefields
Amanda Lafferty (ERN 5113), Attorney for Interested Person City of South Burlington
Matthew S. Stern (ERN 5743), Attorney for party 2 Co-counsel